## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **RAUL MENA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Cause No.** 3:20-cv-00084 |
| | § | |
| **TRIPLE D SUPPLY, LLC** | § | |
| **AND DEVIN SMITH,** | § | |
| | § | |
| **Defendants.** | § | |

## <u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants TRIPLE D SUPPLY, LLC ("Triple D") and DEVIN SMITH ("Smith"), (collectively referred to herein as "Defendants"), hereby give notice of the removal of this action from the County Court at Law Number Six of El Paso County, Texas, to the United States District Court for the Western District of Texas, El Paso Division. By removing this case, Defendants do not waive, and expressly reserve, any claims and defenses available to Defendants. In support of the Notice of Removal, Defendants state and allege as follows:

1.    This action is presently pending in the County Court at Law Number Six of El Paso County, Texas, as *Raul Mena v. Triple D Supply, LLC and Devin Smith,* Cause No. 2020DCV0577 (the "Action"). Plaintiff's Original Petition ("the Petition"), naming Defendants, was filed on February 12, 2020. Defendant Triple D received notice of this lawsuit on February 26, 2020. Defendant Smith also received notice of this lawsuit on February 26, 2020. Certified copies of the State Court File are attached hereto as Exhibit A.

2.    The Petition alleges that Plaintiff was injured in a motor vehicle accident in El Paso, Texas, on August 8, 2019. (*See* Petition, attached as Exhibit A, Section IV). Plaintiff

alleges that Defendant Smith, while working for Defendant Triple D, ran a red light and caused a collision with Plaintiff's motor vehicle which caused physical injuries to Plaintiff. Plaintiff's allegations of negligence against Defendant Smith include: failure to maintain proper control of his commercial motor vehicle; failure to keep a proper lookout while operating his commercial motor vehicle; failure to keep mental and physical alertness while operating his commercial motor vehicle; failure to yield; and distracted driving. (Exhibit A, Petition, Section V).

3.      Plaintiff's allegations of negligence against Defendant Triple D include: failure to exercise due care in hiring and/or contracting with commercial motor vehicle drivers, including Defendant Smith; failure to inquire and/or test, or failure to exercise due care in inquiring and/or testing, its commercial motor vehicle drivers' competence to operate a commercial motor vehicle, including Devin Smith's competence, or lack thereof; failure to train, or failure to exercise due care in training its commercial motor vehicle drivers to operate commercial motor vehicles safely, including Devin Smith; failure to monitor and/or supervise, or failure to exercise due care in monitoring and/or supervising, its commercial motor vehicle drivers' competence to operate a commercial motor vehicle, including Devin Smith's competence, or lack thereof; retaining Devin Smith, and entrusting a commercial motor vehicle to Devin Smith. (Exhibit A, Petition, Section VI.)     Plaintiff also alleges that Defendant Triple D was vicariously liable for Defendant Smith's conduct. (Exhibit A, Petition, Section VI.)

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the parties are citizens of different states and the amount in controversy exceeds $75,000.

5.      According to the Petition, Plaintiff Raul Mena is and was a resident and citizen of the State of Texas. (Exhibit A, Petition, Section II.)

6.      Defendant Triple D Supply, LLC is a New Mexico corporation with its principal place of business at 1109 Indiana Avenue, Alamogordo, NM 88310. (*See also* Exhibit A, Petition, Section II.)

7.      Defendant Devin Smith is a resident of and domiciled in the State of Oregon. (*See also* Exhibit A, Petition, Section II.)

8.      Based on the citizenship of the parties, there is complete diversity for the purposes of 28 U.S.C. §§ 1441 and 1332.

9.      The amount in controversy also exceeds $75,000. (Exhibit A, Petition, Section III.)   Plaintiff's Petition states that Plaintiff is seeking monetary relief over $1,000,000.  (Id.) Plaintiff has set forth an amount in controversy well over the jurisdictional limit of $75,000.

10.      Venue is proper in this district pursuant to 28 U.S.C. § 1441(a) because the state court where the suit has been pending is located in this district and division.

11.      This Notice of Removal is being filed within 30 days after Defendants' receipt of the Petition.

12.      Plaintiff demanded a jury trial in the state court action.

13.      True and correct copies of the documents filed in the state court action are attached hereto as Exhibit A.

14.      A Notice of Filing Notice of Removal is being filed concurrently with this Notice in the County Court at Law Number Six of El Paso County, Texas.

15.      Therefore, under the applicable provisions of §§ 1332, 1441, and 1446, Defendants have complied with necessary requirements and are entitled to remove this action.

**WHEREFORE,** Defendants TRIPLE D SUPPLY, LLC and DEVIN SMITH hereby remove all claims in the Action from the County Court at Law Number Six of El Paso County, Texas, to the United States District Court for the Western District of Texas, El Paso Division.

Dated this 27th day of March, 2020.

Respectfully submitted,

**MOSS LEGAL GROUP, PLLC**
5845 Cromo Dr., Suite 2
El Paso, Texas  79912
(915) 703-7307
(915) 703-7618 Telecopier

By:     /s/ Priscilla M. Castillo
        **M. MITCHELL MOSS**
        State Bar No. 00784647
        Mitch@mosslegalsolutions.com
        **PRISCILLA M. CASTILLO**
        State Bar No. 24076531
        Priscilla@mosslegalsolutions.com
        Attorneys for Defendants
        Triple D Supply, LLC and
        Devin Smith

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 27th day of March 2020, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record:

Mason W. Herring
J. Hunter Craft
Craft Law Firm, P.C.
2727 Allen Parkway, Suite 1150
Houston, TX 77019
Attorneys for Plaintiff

 /s/ Priscilla M. Castillo
**PRISCILLA M. CASTILLO**

# Exhibit A

COUNTY COURT AT LAW 6

# CASE SUMMARY
## CASE NO. 2020DCV0577

| | | |
|---|---|---|
| Raul Mena<br>VS<br>Triple D Supply, LLC,Devin Smith | §<br>§<br>§<br>§ | Location: **County Court at Law 6**<br>Judicial Officer: **Kurita, M. Sue**<br>Filed on: **02/12/2020** |

---

### CASE INFORMATION

Case Type: **Injury or Damage - Motor Vehicle**

---

| DATE | CASE ASSIGNMENT |
|---|---|
| | **Current Case Assignment**<br>Case Number      2020DCV0577<br>Court      County Court at Law 6<br>Date Assigned      02/12/2020<br>Judicial Officer      Kurita, M. Sue |

---

### PARTY INFORMATION

| | | *Lead Attorneys* |
|---|---|---|
| **Plaintiff** | **Mena, Raul** | **HERRING, MASON W**<br>*Retained*<br>713-225-0500(W) |
| **Defendant** | **Smith, Devin** | |
| | **Triple D Supply, LLC** | |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| | **EVENTS** | |
| 02/12/2020 | Original Petition (OCA) | |
| 02/12/2020 | E-File Event Original Filing<br>*PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE, AND FIRST WRITTEN DISCOVERY TO DEFENDANTS TRIPLE D SUPPLY LLC AND DEVIN SMITH / JG* | |
| 02/12/2020 | Request<br>*FOR CITATIONS / JG* | |
| 02/12/2020 | Case Information Sheet<br>*JG* | |
| 03/23/2020 | Answer<br>*Defendant Devin Smith's Answer to Plaintiff's Original Petition* | |
| 03/23/2020 | Answer<br>*Defendant Triple D Supply, LLC's Answer to Plaintiff's Original Petition* | |
| | **SERVICE** | |
| 02/18/2020 | Citation<br>Triple D Supply, LLC<br>Served: 02/26/2020<br>Smith, Devin | |

A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk
BY  Deputy
MAR 2 4 2020



*Printed on 03/24/2020 at 4:08 PM*

COUNTY COURT AT LAW 6

# CASE SUMMARY
## CASE NO. 2020DCV0577

Served: 02/26/2020
*MAILED OUT TO ATTY/AN-corrected picked up by Caro/ ER*

| DATE | FINANCIAL INFORMATION | |
|------|----------------------|--|
| | **Plaintiff** Mena, Raul | |
| | Total Charges | 394.00 |
| | Total Payments and Credits | 394.00 |
| | **Balance Due as of 3/24/2020** | **0.00** |



*Printed on 03/24/2020 at 4:08 PM*

Filed 2/12/2020 2:38 PM
Norma Favela Barceleau
District Clerk
El Paso County
2020DCV0577

IN THE COUNTY COURT AT LAW NUMBER _____

| | | |
|---|---|---|
| RAUL MENA | § | |
| | § | |
| | § | |
| VS. | § | CAUSE NO._____ |
| | § | |
| | § | |
| TRIPLE D SUPPLY, LLC | § | |
| AND DEVIN SMITH | § | |

**PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE,
AND FIRST WRITTEN DISCOVERY TO DEFENDANTS
TRIPLE D SUPPLY, LLC AND DEVIN SMITH**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Raul Mena files this his Original Petition, Request for Disclosure, and First Written Discovery to Defendants Triple D Supply, LLC and Devin Smith and, in support thereof, would respectfully show the following:

**I.
DISCOVERY CONTROL PLAN**

1.1     Consistent with the requirements of TEX. R. CIV. P. 190.4, Plaintiff intends to conduct discovery under Level 3, and plead this action is not governed by the expedited actions process in TEX. R. CIV. P. 169, as Plaintiff seeks monetary recovery over $100,000.

**II.
PARTIES**

**A.     Plaintiff**

2.1     Plaintiff Raul Mena is and was a resident and citizen of the State of Texas at all times relevant to this action.

Plaintiff's Original Petition, Request for Disclosure, and First Written Discovery to
Defendants Triple D Supply, LLC and Devin Smith

Page 1 of 18



**B.      Defendants**

2.2      Defendant Triple D Supply, LLC is a New Mexico corporation with its principal place of business in New Mexcio.  Triple D Supply, LLC can be served through The Texas Secretary of State who in turn can serve Triple D Supply, LLC's registered agent for service of process in New Mexico, Rebekah A. Scott Courvoisier at 1109 Indiana Avenue, Alamogordo, NM 88310, or wherever she may be found.

2.3      Defendant Devin Smith is a natural person and is and was a resident a citizen of the State of Texas at all times relevant to this action.  Defendant Smith can be served through the Texas Secretary of State who in turn can serve Devin Smith at 13104 SE Francis Street, Clackamas, OR 97015, or wherever he may be found.

### III.
### JURISDICTION AND VENUE

**A.      Jurisdiction**

3.1      The present action is within the jurisdictional limits of this Court, as Plaintiff seeks damages in excess of the minimum jurisdictional limits.

3.2      Plaintiff seeks monetary relief over $1,000,000.00.

3.3      Plaintiff expressly disavows any claims are being made pursuant to federal law, treaties, or constitutions. Although the amount in controversy exceeds $75,000 exclusive of costs and interest, there is a lack of complete diversity because Plaintiff and Defendant and Devin Smith are all citizens of Texas.  Any removal, or consent to removal, of this case to federal court would be improper.

3.4      This Court has personal jurisdiction over Defendant Triple D Supply, LLC because this suit arises out of, or relates to, Triple D Supply, LLC's activities within the State of Texas.



3.5     Further, Triple D Supply engages in intentional, foreseeable, continuous, and systematic contacts within Texas, to a degree said contacts render it "at home" in Texas.

3.6     This Court has personal jurisdiction over Defendant Devin Smith because this suit arises out of, or relates to, Smith's activities within the State of Texas.

3.7     Further, Smith engages in intentional, foreseeable, continuous, and systematic contacts within Texas, to a degree said contacts render him "at home" in Texas.

3.8     Thus, there is both specific and general personal jurisdiction over each Defendant, and exercising jurisdiction over each of them does not offend traditional notions of fair play and substantial justice.

**B.     Venue**

3.11    Venue is proper in El Paso County, Texas pursuant to:

   a.      Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because all or a substantial part of the events giving rise to this action occurred in El Paso County, Texas.

## IV.
## BACKGROUND FACTS

4.1     On or about August 8, 2019, Raul Mena was traveling west bound at 1500 Myrtle Avenue, El Paso, Texas, with a green light.

4.2     At the same time, Devin Smith was operating a tractor trailer owned and controlled by Triple D Supply, LLC traveling North in the 100 block of Cotton Street, El Paso, Texas, with a red light.

4.3     At all times relevant to this action, Defendant Smith was: acting as an employee of; working within the course and scope of his duties for; performing services in furtherance of the business interests of; driving in furtherance of a mission for the

Plaintiff's Original Petition, Request for Disclosure, and First Written Discovery to Defendants Triple D Supply, LLC and Devin Smith

benefit of; and/or subject to the control as to the details of his mission by Defendant Triple D Supply, LLC.

4.4     At approximately 7:00 p.m., Smith ran the red light and struck Raul Mena's vehicle.

4.5     As a result of Smith's misconduct, Mr. Mena was injured so severely that he required multiple surgeries.

4.6     Smith was cited by the Texas Department of Public Safety for failure to yield.

## V.
### CAUSES OF ACTION AGAINST DEFEDNANT DEVIN SMITH

5.1     Defendant Devin Smith committed acts of omission and commission, which collectively and severally constituted negligence, and which were proximate causes of Raul Mena's injuries and resulting damages.

5.2     Defendant Smith's negligent acts include, but are not limited to:

    a.     Failure to maintain proper control of his commercial motor vehicle;

    b.     Failure to keep a proper lookout while operating his commercial motor vehicle;

    c.     Failure to keep mental and physical alertness while operating his commercial motor vehicle;

    d.     Failure to control speed of his commercial motor vehicle;

    e.     Failure to yield; and

    f.     Distracted driving.

Plaintiff's Original Petition, Request for Disclosure, and First Written Discovery to Defendants Triple D Supply, LLC and Devin Smith

Page 11 of 88



## VI.
## CAUSES OF ACTION AGAINST DEFENDANT TRIPLE D SUPPLY, LLC

**A.    Negligence**

6.1    Defendant Triple D Supply, LLC committed acts of omission and commission, which collectively and severally constituted negligence, and which were proximate causes of Raul Mena's injuries and resulting damages.

6.2    Triple D Supply, LLC's negligent acts include, but are not limited to:

a.    Failure to exercise due care in hiring and/or contracting with commercial motor vehicle drivers, including Defendant Devin Smith;

b.    Failure to inquire and/or test, or failure to exercise due care in inquiring and/or testing, its commercial motor vehicle drivers' competence to operate a commercial motor vehicle, including Devin Smith's competence, or lack thereof;

c.    Failure to train, or failure to exercise due care in training, its commercial motor vehicle drivers to operate commercial motor vehicles safely, including Devin Smith;

d.    Failure to monitor and/or supervise, or failure to exercise due care in monitoring and/or supervising, its commercial motor vehicle drivers' competence to operate a commercial motor vehicle, including Devin Smith's competence, or lack thereof;

e.    Retaining Devin Smith; and

f.    Entrusting a commercial motor vehicle to Devin Smith.

**B.    Vicarious Liability**

6.3    Defendant Triple D Supply, LLC is liable under the doctrine of *respondeat superior* for the conduct of Defendant Devin Smith, as Smith's negligent actions occurred while in the course and scope of his duties for Triple D Supply, LLC.

6.4    All of the acts of negligence alleged against Smith are expressly incorporated by reference herein and were proximate causes of Raul Mena's injuries and resulting damages.

Plaintiff's Original Petition, Request for Disclosure, and First Written Discovery to
Defendants Triple D Supply, LLC and Devin Smith

## VII.
## DAMAGES

**A.      Raul Mena**

7.1      Plaintiff Raul Mena seeks the following elements of damages from Defendants as a result of the injuries he sustained in the subject incident:

      a.      Physical pain sustained in the past;

      b.      Physical pain that, in reasonable probability, will be sustained in the future;

      c.      Mental anguish sustained in the past;

      d.      Mental anguish that, in reasonable probability, will be sustained in the future;

      e.      Loss of earning capacity sustained in the past;

      f.      Loss of earning capacity that, in reasonable probability, will be sustained in the future;

      g.      Disfigurement sustained in the past;

      h.      Disfigurement that, in reasonable probability, will be sustained in the future;

      i.      Physical impairment sustained in the past;

      j.      Physical impairment that, in reasonable probability, will be sustained in the future;

      k.      Medical care expenses sustained in the past; and

      l.      Medical care expenses that, in reasonable probability, will be sustained in the future.

**B.      Interest**

7.2      Plaintiff seeks pre-judgment and post-judgment interest at the applicable rate allowed by law.



Plaintiff's Original Petition, Request for Disclosure, and First Written Discovery to Defendants Triple D Supply, LLC and Devin Smith

Page 6 of 38

## VIII.
## CONDITIONS PRECEDENT

8.1     Pursuant to TEX. R. CIV. P. 54, all conditions precedent to Plaintiff's rights to recover herein and to Defendants' liability have been performed or have occurred.

## IX.
## RESERVATION OF RIGHTS

9.1     Plaintiff reserves the right to amend his pleadings to add additional counts and / or parties as discovery continues.

## X.
## REQUEST FOR DISCLOSURE

10.1    Plaintiff Raul Mena hereby request that Defendants Triple D Supply, LLC and Devin Smith produce all information identified in TEX. R. CIV. P. 194.2 (a)-(l) within 50 days of the service of this pleading.

## XI.
## FIRST WRITTEN DISCOVERY TO
## DEFENDANT TRIPLE D SUPPLY, LLC

11.1    Pursuant to TEX. R. OF CIV. P. 196, 197, and 198, Plaintiff Raul Mena hereby serves his First Written Discovery on Defendant Triple D Supply, LLC, attached hereto as Exhibit A.

## XII.
## FIRST WRITTEN DISCOVERY TO
## DEFENDANT DEVIN SMITH

12.1    Pursuant to TEX. R. OF CIV. P. 196, 197, and 198, Plaintiff Raul Mena hereby serves his First Written Discovery on Defendant Devin Smith, attached hereto as Exhibit B.



## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Raul Mena prays that Defendants Triple D Supply, LLC and Devin Smith be cited to appear and answer for their tortious conduct, that this cause be set for trial before a jury, and that Plaintiff recover a judgment of and from Defendants in such amount as the evidence may show and the jury may determine to be proper, together with pre-judgment and post-judgment interest, court costs, and such other and further relief Plaintiff may show himself to be justly entitled.

Respectfully submitted,

**CRAFT LAW FIRM, P.C.**

By:   /s/ Mason W. Herring
      **Mason W. Herring**
      State Bar No. 24071746
      **J. Hunter Craft**
      State Bar No. 24012466
      2727 Allen Parkway, Suite 1150
      Houston, Texas 77019
      Telephone:  713.225.0500
      Telefax:     713.225.0566
      Email:       mherring@craftlawfirm.com
      Email:       hcraft@craftlawfirm.com

**ATTORNEYS FOR PLAINTIFF**

A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk
BY _____
MAR 2 4 2020

# EXHIBIT A

## PLAINTIFF RAUL MENA'S FIRST WRITTEN DISCOVERY TO DEFENDANT TRIPLE D SUPPLY, LLC

1.  The "subject incident" means the incident involving Devin Smith on August 8, 2019 in the 100 block of Cotton Street, El Paso, Texas.

2.  The "subject vehicle" means the vehicle operated by Devin Smith at the time of the subject incident.

### INTERROGATORY NO. 1:

Identify, by full legal name, address, telephone number, and DOT number, each entity(ies) or individual(s) Devin Smith was (a) acting as an employee of; (b) performing services in furtherance of the business interests of; (c) acting in furtherance of a mission for the benefit of; or (d) subject to the control, as to the details of his mission, of at the time of the subject incident.

ANSWER:

### REQUEST FOR ADMISSION NO. 1:

Devin Smith was employed by you at the time of the subject incident.

ADMIT OR DENY:

### REQUEST FOR PRODUCTION NO. 1:

If you responded to the request for admission immediately preceding this request for production with anything other than an unequivocal "admit," documents in support of your response.

RESPONSE:

### INTERROGATORY NO. 2:

State Devin Smith's initial hire date with you and list all position(s) and/or job title(s) held by him at all times during his working relationship with you, including the corresponding dates of each such position/job title, and identify his duties associated with each.

ANSWER:

Plaintiff's Original Petition, Request for Disclosure, and First Written Discovery to
Defendants Triple D Supply, LLC and Devin Smith

Page 9 of 38

## REQUEST FOR ADMISSION NO. 2:

Devin Smith was within the course of his employment with you at the time of the subject incident.

**ADMIT OR DENY:**

## REQUEST FOR PRODUCTION NO. 2:

If you responded to the request for admission immediately preceding this request for production with anything other than an unequivocal "admit," documents in support of your response.

**RESPONSE:**

## REQUEST FOR ADMISSION NO. 3:

Devin Smith was within the scope of his employment with you at the time of the subject incident.

**ADMIT OR DENY:**

## REQUEST FOR PRODUCTION NO. 3:

If you responded to the request for admission immediately preceding this request for production with anything other than an unequivocal "admit," documents in support of your response.

**RESPONSE:**

## REQUEST FOR PRODUCTION NO. 4:

Documents evidencing, demonstrating, or otherwise pertaining to the work Devin Smith was performing at the time of the subject incident.  This request includes any work orders, instructions, directions, logs, journals, or any other documents authored or maintained by you or Devin Smith regarding said work.

**RESPONSE:**



**REQUEST FOR PRODUCTION NO. 5:**

Color copies of all of Devin Smith's driver's licenses.

**RESPONSE:**

**INTERROGATORY NO. 3:**

To the extent you are aware of any such occurrence(s), identify each and every traffic violation, citation, and/or ticket received by Devin Smith prior to his first hire date with Triple D Supply, LLC to the present, and the date on, and manner in which, you became aware of any such occurrence(s).

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 6:**

Documents evidencing each traffic violation, citation, and/or ticket received by Devin Smith prior to his first hire date with Triple D Supply, LLC to the present, including tickets, court documents, incident reports, and/or other documents evidencing the disposition of each such violation, citation, or ticket.

**RESPONSE:**

**INTERROGATORY NO. 4:**

To the extent you are aware of any such occurrence(s), identify each traffic collision Devin Smith has been involved in as a driver prior to his first hire date with Triple D Supply, LLC to the present.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 7:**

Documents evidencing each traffic collision Devin Smith has been involved in as a driver prior to his first hire date with Triple D Supply, LLC to the present, including incident reports and/or termination letters.

**RESPONSE:**



Plaintiff's Original Petition, Request for Disclosure, and First Written Discovery to Defendants Triple D Supply, LLC and Devin Smith

Page 11 of 58

**INTERROGATORY NO. 5**:

To the extent you are aware of any such occurrence(s), state each and every time Devin Smith's driver's license has been suspended for any reason, the date(s) of such suspension(s), the reason for each such suspension, and the date on which you became aware of any such suspension(s).

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 8:**

Documents evidencing each instance in which Devin Smith's driver's license has been suspended.

**RESPONSE:**

**INTERROGATORY NO. 6:**

To the extent you are aware of any such occurrence(s), identify each and every time Devin Smith has been arrested, indicted, legally convicted, plead guilty, or served a jail sentence prior to his first hire date with Triple D Supply, LLC to the present, the reason/charge pertaining to each such event, and the date on which you became aware of any such occurrence(s).

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 9:**

Documents evidencing each and every time Devin Smith has been arrested, indicted, legally convicted, plead guilty, or served a jail sentence prior to his first hire date with Triple D Supply, LLC to the present, including all citations, warrants, court documents, incident reports, and/or other documents evidencing the disposition of each such event.

**RESPONSE:**



Plaintiff's Original Petition, Request for Disclosure, and First Written Discovery to
Defendants Triple D Supply, LLC and Devin Smith

Page 12 of 38

**INTERROGATORY NO. 7:**

For the time period prior to his first hire date with Triple D Supply, LLC, list each and all of Devin Smith's places of employment and, with respect to each such place, state the name and address of each employer, the dates of commencement and termination of each term of employment, job title(s) held and a description of the services or work performed for each employer, the specific reason why each such employment term ended, and the name and contact information for his immediate supervisor or other contact for each employer.

**ANSWER:**

**INTERROGATORY NO. 8:**

Identify each of the following employees and/or former employees of Triple D Supply, LLC by full name, job title, and last known address and telephone numbers:

    (a)    Triple D Supply, LLC's safety manager and/or director on the date of the subject incident;

    (b)    All of Devin Smith's supervisors (by name and job title) on the date of the subject incident;

    (c)    All persons at Triple D Supply, LLC that interviewed Devin Smith prior to his initial hire; and

    (d)    The person at Triple D Supply, LLC responsible for hiring Devin Smith.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 10:**

Devin Smith's Driver Qualification File.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**

Devin Smith's complete personnel and/or employment file including, but not limited to, any employment applications and related paperwork, background checks, and documents evidencing Devin Smith's employment history, driving history, toxicology screenings, on-the-job incidents, and/or disciplinary actions pertaining to him that were generated or otherwise obtained by you.

**RESPONSE:**

**INTERROGATORY NO. 9:**

With respect to the subject incident, state your understanding of where Devin Smith was going at the time of the incident, where his trip had originated from, his destination, and the purpose of his trip.  Specifically state all details to your knowledge such as his origin of travel, time of first departure, a description of any and all scheduled stops that were to be made with addresses provided, including a specific description of the destination to which he was heading at the time of the subject incident.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 12:**

JSAs, work tickets, bills of lading, load tickets, dispatch logs, or any other documentation reflecting the work performed by Devin Smith on August 8, 2019.

**RESPONSE:**

**INTERROGATORY NO. 10:**

Identify all mobile communication devices, including cell phones, smart phones, tablets, laptop computers, and similar objects that were in the subject vehicle at the time of the subject incident, by stating the brand and description of each such device, and all corresponding phone number(s), e-mail address(es), and service providers for each.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 13:**

Records from August 7, 2019, through August 9, 2019, pertaining to all mobile communication devices provided by you, made available for use by Devin Smith, or possessed by Devin Smith from August 7, 2019, through August 9, 2019.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:**

The mobile communication device(s) provided by you, made available for use by Devin Smith, or possessed by Devin Smith from August 7, 2019, through August 9, 2019, for inspection and forensic evaluation.

**RESPONSE:**



Plaintiff's Original Petition, Request for Disclosure, and First Written Discovery to Defendants Triple D Supply, LLC and Devin Smith

Page 14

**REQUEST FOR PRODUCTION NO. 15:**

Receipts from any place Devin Smith had been during the 24-hour time period immediately preceding the subject incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**

Statements from any credit card issued or reimbursed by you and in Devin Smith's possession during the 24-hour time period immediately preceding the subject incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:**

Newspaper articles (including comments thereto), social media posts, or other similar documentation in your possession that address the subject incident or the circumstances leading up to the subject incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:**

Law enforcement file materials in your possession relating to the subject incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:**

Photographs, video footage, and/or other images of the scene of the subject incident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 4:**

Devin Smith was operating a vehicle owned by you at the time of the subject incident.

**ADMIT OR DENY:**



Plaintiff's Original Petition, Request for Disclosure, and First Written Discovery to Defendants Triple D Supply, LLC and Devin Smith

Page 15 of 18

**REQUEST FOR PRODUCTION NO. 20:**

If you responded to the request for admission immediately preceding this request for production with anything other than an unequivocal "admit," documents in support of your response.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 5:**

The subject vehicle was provided to Devin Smith by you.

**ADMIT OR DENY:**

**REQUEST FOR PRODUCTION NO. 21:**

If you responded to the request for admission immediately preceding this request for production with anything other than an unequivocal "admit," documents in support of your response.

**RESPONSE:**

**INTERROGATORY NO. 11:**

Identify (by full name and D.O.T. number) the (a) owner of the subject vehicle; and/or (b) all entities and individuals that provided or entrusted said vehicle to Devin Smith.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 22:**

Documents evidencing purchase, ownership, and the title history of the subject vehicle.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:**

The subject vehicle, including all of its components and contents, for inspection and downloading.

**RESPONSE:**



Plaintiff's Original Petition, Request for Disclosure, and First Written Discovery to Defendants Triple D Supply, LLC and Devin Smith

Page 16 of 26

**REQUEST FOR PRODUCTION NO. 24:**

Photographs, video footage, or other images of the subject vehicle, in addition to any other vehicle involved in the subject incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:**

Documents evidencing the condition, storage, and location of the subject vehicle at all times from the subject incident to present, including any changes thereto.

**RESPONSE:**

**INTERROGATORY NO. 12:**

Identify any changes in the condition, storage, and/or location of the subject vehicle at all times from the subject incident to present, including the names of any persons responsible for said change(s), and the dates of any such changes.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 26:**

The EDR, "black box," tracking device, position history system, or any other onboard computer(s) and/or camera(s) present in the subject vehicle, for inspection and downloading.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:**

Data, reports, and footage from any inspection and/or downloading of any EDR, "black box," tracking device, position history system, or any other onboard computer(s) and/or camera(s) present in the subject vehicle, for inspection and downloading.

**RESPONSE:**

Plaintiff's Original Petition, Request for Disclosure, and First Written Discovery to Defendants Triple D Supply, LLC and Devin Smith

Page 17 of 38



**INTERROGATORY NO. 13:**

State the weight of the subject vehicle at the time of the subject incident, and specifically describe the type and distribution of the load, if any.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 28:**

Documents generated as a result of, or otherwise evidencing, all inspections and/or measurements of, and/or testing performed on, the subject vehicle.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:**

Each item that has been removed, moved, transported, transferred, or returned from the subject vehicle at the time of the subject incident, for inspection.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30:**

Photographs, taken by you and/or your agents or representatives, of each and every item removed, moved, transported, transferred, or returned from the subject vehicle, if any, prior to their removal.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31:**

Estimates, appraisals, or repair bills identifying or describing the damage, alterations, or repairs done to the subject vehicle.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32:**

The maintenance file pertaining to the subject vehicle.

**RESPONSE:**



**REQUEST FOR PRODUCTION NO. 33:**

From 90 days prior to the subject incident through the date of the subject incident, all pre-trip and post-trip inspection reports pertaining to the subject vehicle.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34:**

From 90 days prior to the subject incident through the date of the subject incident, Devin Smith's Driver's Daily Logs, including all data and/or reports from any electronic logbooks.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35:**

New hire, new employee, and other related documents concerning job orientation and/or job performance (including rules and guidelines) that were provided by you to Devin Smith prior to the subject incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36:**

Training materials provided to Devin Smith by you during his employment.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37:**

Company handbooks and/or rulebooks (or their equivalent) and related documents provided to Devin Smith by you during his employment.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38:**

Documents evidencing your hiring policies, procedures, and/or practices for drivers and/or employees entrusted with company vehicles from the date of Devin Smith's initial hire to the present.

**RESPONSE:**

Plaintiff's Original Petition, Request for Disclosure, and First Written Discovery to Defendants Triple D Supply, LLC and Devin Smith

Page 19 of 28

**REQUEST FOR PRODUCTION NO. 39:**

Documents evidencing your training policies, procedures, and practices for drivers and/or employees entrusted with company vehicles from the date of Devin Smith's initial hire to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 40:**

Documents evidencing your workplace safety policies, procedures, and practices, as they relate to drivers and/or employees entrusted with company vehicles, from the date of Devin Smith's initial hire to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 41:**

Documents evidencing your employee retention policies, procedures, and practices for drivers and/or employees entrusted with company vehicles, from the date of Devin Smith's initial hire to the present.

**RESPONSE:**

**INTERROGATORY NO. 14:**

State whether you took any disciplinary or other remedial action against Devin Smith as a result of the subject incident and, if so, describe in detail any such action.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 42:**

Documents that reflect any disciplinary or other remedial action taken by you against Devin Smith as a result of the subject incident including, but not limited to, lessons learned, reprimand, suspension, and/or termination.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 43:**

Devin Smith's complete worker's compensation file pertaining to the subject incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 44:**

Records and other documents generated as a result of, or otherwise evidencing or referencing, any toxicology analysis performed on Devin Smith in relation to the subject incident.

**RESPONSE:**

**INTERROGATORY NO. 15:**

Identify any charges or other prosecutorial action taken against Devin Smith as a result of the subject incident, specifically stating the name and location of the Court(s) and the specific charges before said Court(s) and identify each lawyer that represented Devin Smith in conjunction with said charges.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 45:**

Documents evidencing any charges or other prosecutorial action taken against Devin Smith as a result of the subject incident, court documents and other documents evidencing Devin Smith's arrest, indictment, and/or prosecution; any plea agreement offered, accepted, and/or entered into by Devin Smith; and documents evidencing Devin Smith's conviction and/or sentencing as a result of the subject incident.

**RESPONSE:**

**INTERROGATORY NO. 16:**

For each on-the-job incident in which Devin Smith has been involved during his employment with you, state the date and specific location of the incident, and provide a detailed description of each incident.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 46:**

Documents generated as a result of, or otherwise evidencing each on-the-job incident in which Devin Smith has been involved during his employment with you.

**RESPONSE:**



Plaintiff's Original Petition, Request for Disclosure, and First Written Discovery to Defendants Triple D Supply, LLC and Devin Smith

Page 21 of 35

**REQUEST FOR PRODUCTION NO. 47:**

MCS-150 form/applications for a U.S. D.O.T. number submitted to the United States Department of Transportation on your behalf, any supplements thereto, and any responses received in response thereto.

**RESPONSE:**

**INTERROGATORY NO. 17:**

State the date on which you first submitted an MCS-150/application for a U.S. D.O.T. number to the United States Department of Transportation, the name of the person responsible for submitting same, the date you first received a D.O.T. number, and the D.O.T. number you received.

**ANSWER:**

**INTERROGATORY NO. 18:**

Identify all D.O.T. numbers under which any vehicle has operated for you since your inception.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 48:**

Documents generated and/or received by you as a result of any safety audit performed on you.

**RESPONSE:**

**INTERROGATORY NO. 19:**

Identify, by insurer, policy number, issuance date, dates of coverage, coverage limits, and all insured(s), each and every insurance policy that may or could be called upon to pay part or all of any judgment or settlement entered in this case. This specifically includes all primary, supplemental, excess and/or umbrella policies.

**ANSWER:**



## REQUEST FOR PRODUCTION NO. 49:

Correspondence and/or other documentation evidencing a reservation of rights agreement, a non-waiver agreement, or any documentation demonstrating that anything other than a full and unqualified defense has been tendered to you in this case by all insurers that have issued policies responsive to the interrogatory immediately preceding this request for production.

**RESPONSE:**



Plaintiff's Original Petition, Request for Disclosure, and First Written Discovery to Defendants Triple D Supply, LLC and Devin Smith

Page 23 of 38

# EXHIBIT B

### PLAINTIFF RAUL MENA'S FIRST WRITTEN DISCOVERY TO
### DEFENDANT DEVIN SMITH

1.    The "subject incident" means the incident involving Devin Smith on August 8, 2019 in the 100 block of Cotton Street, El Paso, Texas.

2.    The "subject vehicle" means the vehicle operated by Devin Smith at the time of the subject incident.

### INTERROGATORY NO. 1:

State the following:

      (a)    Your full legal name, and any other names you have used during your lifetime;

      (b)    Your addresses since the time you turned age 18, stating the street number, street, city, state, zip code, and the time period with corresponding dates you resided at each responsive address;

      (c)    Your date and place of birth;

      (d)    Your Social Security number; and

      (e)    All driver's license numbers and issuing state(s) of such licenses held by you at any time during your lifetime.

### ANSWER:

### REQUEST FOR PRODUCTION NO. 1:

Color copies of all of your driver's licenses responsive to part (e) of the interrogatory immediately preceding this request for production, front and back.

### RESPONSE:



**INTERROGATORY NO. 2:**

For each entity and / or individual you were acting as an employee of; performing services in furtherance of the business interests of; acting in furtherance of a mission for the benefit of; and / or subject to the control of, as to the details of your mission, at the time of the subject incident, identify each such entity(ies) and / or individual(s) by full legal name, address, telephone number, and DOT number, and state your specific relationship to each at the time of the subject incident.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 1:**

You were employed by Triple D Supply, LLC at the time of the subject incident.

**ADMIT OR DENY:**

**REQUEST FOR PRODUCTION NO. 2:**

If you responded to the request for admission immediately preceding this request for production with anything other than an unequivocal "admit," documents in support of your response.

**RESPONSE:**

**INTERROGATORY NO. 3:**

State your initial hire date with Triple D Supply, LLC, and list all position(s) and / or job title(s) held by you at all times during your working relationship with Triple D Supply, LLC, including the corresponding dates of each such position / job title, and identify your duties associated with each.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 2:**

You were within the course of your employment with Triple D Supply, LLC at the time of the subject incident.

**ADMIT OR DENY:**



**REQUEST FOR PRODUCTION NO. 3:**

If you responded to the request for admission immediately preceding this request for production with anything other than an unequivocal "admit," documents in support of your response.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 3:**

You were within the scope of your employment with Triple D Supply, LLC at the time of the subject incident.

**ADMIT OR DENY:**

**REQUEST FOR PRODUCTION NO. 4:**

If you responded to the request for admission immediately preceding this request for production with anything other than an unequivocal "admit," documents in support of your response.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**

Documents evidencing, demonstrating, or otherwise pertaining to the work you were performing at the time of the subject incident.  This request includes any work orders, instructions, directions, logs, journals, or any other documents authored or maintained by you or Triple D Supply, LLC regarding said work.

**RESPONSE:**

**INTERROGATORY NO. 4:**

Identify each and every traffic violation, citation, and/or ticket received by you prior to your first hire date with Triple D Supply, LLC to the present.

**ANSWER:**



**REQUEST FOR PRODUCTION NO. 6:**

Documents evidencing each and every traffic violation, citation, and/or ticket received by you prior to your first hire date with Triple D Supply, LLC to the present, including tickets, court documents, incident reports, and/or other documents evidencing the disposition of each such violation, citation, or ticket.

**RESPONSE:**

**INTERROGATORY NO. 5:**

Identify each and every traffic collision you have been involved in as a driver prior to your first hire date with Triple D Supply, LLC to the present.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 7:**

Documents evidencing each and every traffic collision you have been involved in as a driver prior to your first hire date with Triple D Supply, LLC to the present, including incident reports and/or termination letters.

**RESPONSE:**

**INTERROGATORY NO. 6:**

State each and every time your driver's license has been suspended for any reason, the date(s) of such suspension(s), and the reason for each such suspension.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 8:**

Documents evidencing or pertaining to any driver's license issued in your name being suspended at any time, including any matter that resulted in such suspension(s).

**RESPONSE:**



**INTERROGATORY NO. 7:**

Identify each and every time you have been arrested, indicted, legally convicted, plead guilty, or served a probation term or jail sentence prior to your first hire date with Triple D Supply, LLC to the present, and the reason/charge pertaining to each such event.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 9:**

Documents evidencing each and every time you have been arrested, indicted, legally convicted, plead guilty, or served a probation terms or jail sentence prior to your first hire date with Triple D Supply, LLC to the present, including all citations, warrants, court documents, incident reports, and/or other documents evidencing the disposition of each such event.

**RESPONSE:**

**INTERROGATORY NO. 8:**

For the time period prior to your first hire date with Triple D Supply, LLC, list each and all of your places of employment and, with respect to each such place, state the name and address of each employer, the dates of commencement and termination of each term of employment, job title(s) held and a description of the services or work performed for each employer, the specific reason why each such employment term ended, and the name and contact information for your immediate supervisor for each employer.

**ANSWER:**

**INTERROGATORY NO. 9:**

Identify each of the following employees and/or former employees of Triple D Supply, LLC by full name, job title, and last known address and telephone numbers:

    (a)    The person you understood to be Triple D Supply, LLC's safety manager and/or director on the date of the subject incident;

    (b)    All of your supervisors (by name and job title) on the date of the subject incident;

    (c)    All persons at Triple D Supply, LLC that interviewed you prior to your initial hire; and

    (d)    The person at Triple D Supply, LLC that hired you.

**ANSWER:**



**REQUEST FOR PRODUCTION NO. 10:**

Your Driver Qualification File pertaining to your employment with Triple D Supply, LLC

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**

Your complete Triple D Supply, LLC personnel and/or employment file including, but not limited to, any employment applications and related paperwork, background checks, and documents evidencing your employment history, driving history, toxicology screenings, on-the-job incidents, and/or disciplinary actions pertaining to you that were generated or obtained by Triple D Supply, LLC, or provided to you by Triple D Supply, LLC

**RESPONSE:**

**INTERROGATORY NO. 10:**

State where you had been at all times during the 24-hour time period immediately preceding the subject incident, specifically stating details such as your origin of travel, the time you departed, a description of all stops made with approximate times and addresses provided, and all intended destinations for that 24-hour time period.

**ANSWER:**

**INTERROGATORY NO. 11:**

State where you were going at the time of the subject incident, where your trip had originated from, your destination, and the purpose of the trip. Specifically, state details such as your origin of travel, time of first departure, a description of all stops made with approximate times and addresses provided, and all intended destinations for that date, including a specific description of the destination to which you were heading at the time of the subject incident.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 12:**

JSAs, work tickets, bills of lading, load tickets, dispatch logs, or other documentation reflecting the work you performed on August 8, 2019.

**RESPONSE:**

**INTERROGATORY NO. 12:**

State with specificity your own personal recollection of how the subject incident occurred, beginning one minute before the collision through point of rest of your vehicle.  Include your vehicle's speed during this timeframe, and include any braking, acceleration, or steering inputs made by you.

**ANSWER:**

**INTERROGATORY NO. 13:**

State with specificity your own personal recollection as to whether there were any obstructions to your visibility of (a) westbound lane of Myrtle Ave; and/or (b) the Mena vehicle immediately prior to and/or at the time of the subject incident and, if so, state with specificity the source and location of any such obstruction and the time period relative to the collision in which your vision was obstructed, if applicable.

**ANSWER:**

**INTERROGATORY NO. 14:**

State with specificity your own personal recollection as to whether you took any evasive action to avoid the subject collision and, if so, state the specific type of evasive action taken by you and when in the incident sequence said action was taken.

**ANSWER:**

**INTERROGATORY NO. 15:**

State your own personal understanding and/or belief as to why the vehicle you were driving at the time of the subject incident collided with Raul Mena.

**ANSWER:**

**INTERROGATORY NO. 16:**

Identify all mobile communication devices, including cell phones, smart phones, tablets, laptop computers, and similar objects that were in your vehicle at the time of the subject incident, by stating the brand and description of each such device, and all corresponding phone number(s), e-mail address(es), and service providers for each.

**ANSWER:**

Plaintiff's Original Petition, Request for Disclosure, and First Written Discovery to
Defendants Triple D Supply, LLC and Devin Smith

Page 36 of 45



**REQUEST FOR PRODUCTION NO. 13:**

Records from August 7, 2019, through August 9, 2019, pertaining to all mobile communication devices owned by you, provided to you, made available for your use, and/or possessed or used by you during this time period.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:**

Each mobile communication device(s) owned by you, provided to you, made available for your use, and/or possessed or used by you from August 7, 2019, through August 9, 2019, for inspection and a forensic evaluation.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:**

Attached please find an Authorization for Release of Wireless Communication Device, limited in time from August 7, 2019, through August 9, 2019.  Please sign and return with your responses.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**

Receipts from any place you had been during the 24-hour time period immediately preceding the subject incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:**

Statements from any credit card in your possession during the 24-hour time period immediately preceding the subject incident.

**RESPONSE:**



Plaintiff's Original Petition, Request for Disclosure, and First Written Discovery to Defendants Triple D Supply, LLC and Devin Smith

Page 37 of 38

**REQUEST FOR PRODUCTION NO. 18:**

Newspaper articles (including comments thereto), social media posts, or other similar documentation in your possession that address the subject incident or the circumstances leading up to the subject incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:**

Law enforcement file materials in your possession relating to the subject incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:**

Photographs, video footage, and/or other images of the scene of the subject incident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 4:**

You were operating a vehicle owned by Triple D Supply, LLC at the time of the subject incident.

**ADMIT OR DENY:**

**REQUEST FOR PRODUCTION NO. 21:**

If you responded to the request for admission immediately preceding this request for production with anything other than an unequivocal "admit," documents in support of your response.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 5:**

The subject vehicle was provided to you by Triple D Supply, LLC

**ADMIT OR DENY:**



---

Plaintiff's Original Petition, Request for Disclosure, and First Written Discovery to Defendants Triple D Supply, LLC and Devin Smith

Page 32 of 38

**REQUEST FOR PRODUCTION NO. 22:**

If you responded to the request for admission immediately preceding this request for production with anything other than an unequivocal "admit," documents in support of your response.

**RESPONSE:**

**INTERROGATORY NO. 17:**

Identify (by full name and D.O.T. number) the (a) owner of the subject vehicle; and/or (b) all entities and individuals that provided or entrusted said vehicle to you.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 23:**

Documents generated as a result of, or otherwise evidencing, all inspections and/or measurements of, and/or testing performed on, the subject vehicle.

**RESPONSE:**

**INTERROGATORY NO. 18:**

State with specificity your lease, rental, ownership, entrustment, or right-of-use relationship, if any, between you and any person or entity concerning the subject vehicle, including the parties, dates, nature, and parameters of said relationship.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 24:**

Photographs, video footage, or other images of any of the subject vehicle, in addition to any other vehicle(s) involved in the subject incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:**

Documents evidencing the condition, storage, and location of the subject vehicle at all times from the subject incident to present, including any changes thereto.

**RESPONSE:**

**INTERROGATORY NO. 19:**

Identify any changes in the condition, storage, and/or location of the subject vehicle at all times from the subject incident to present, including the names of any persons responsible for said change(s), and the dates of any such changes.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 26:**

The EDR, "black box," tracking device, position history system, or any other onboard computer(s) and/or camera(s) present in the subject vehicle, for inspection and downloading.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:**

Data, reports, and footage from any inspection and/or downloading of any EDR, "black box," tracking device, position history system, or any other onboard computer(s) and/or camera(s) present in the subject vehicle, for inspection and downloading.

**RESPONSE:**

**INTERROGATORY NO. 20:**

State the weight of the subject vehicle at the time of the subject incident, and specifically describe the type and distribution of the load, if any.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 28:**

Documents generated as a result of, or otherwise evidencing, all inspections and/or measurements of, and/or testing performed on, the subject vehicle.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:**

Each item that has been removed, moved, transported, transferred, or returned from the subject vehicle at the time of the subject incident, for inspection.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30:**

Photographs, taken by you and/or your agents or representatives, of each and every item removed, moved, transported, transferred, or returned from the subject vehicle, if any, prior to their removal.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31:**

Estimates, appraisals, or repair bills identifying or describing the damage, alterations, or repairs done to the subject vehicle.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32:**

The maintenance file pertaining to the subject vehicle.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33:**

From 90 days prior to the subject incident through the date of the subject incident, all pre-trip and post-trip inspection reports pertaining to the subject vehicle.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34:**

From 90 days prior to the subject incident through the date of the subject incident, your Driver's Daily Logs, including all data and/or reports from any electronic logbooks.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35:**

New hire, new employee, and other related documents concerning job orientation and/or job performance (including rules and guidelines) that were provided to you by Triple D Supply, LLC prior to the subject incident.

**RESPONSE:**

---

Plaintiff's Original Petition, Request for Disclosure, and First Written Discovery to Defendants Triple D Supply, LLC and Devin Smith

Page 35 of 38

**REQUEST FOR PRODUCTION NO. 36:**

Training materials provided to you by Triple D Supply, LLC during your employment.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37:**

Company handbooks and/or rulebooks (or their equivalent) and related documents provided to you by Triple D Supply, LLC during your employment.

**RESPONSE:**

**INTERROGATORY NO. 21:**

State whether any disciplinary or other remedial action was taken by Triple D Supply, LLC against you as a result of the subject incident and, if so, describe in detail any such action.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 38:**

Documents that reflect any disciplinary or other remedial action taken against you by Triple D Supply, LLC as a result of the subject incident including, but not limited to, lessons learned, reprimand, suspension, and/or termination.

**RESPONSE:**

**INTERROGATORY NO. 22:**

Identify any medical providers from whom you received treatment on the day of the subject incident (including EMS) and identify any entity that obtained a specimen from you, or performed a toxicological analysis of your specimen from the day of the subject incident.

**ANSWER:**



Plaintiff's Original Petition, Request for Disclosure, and First Written Discovery to Defendants Triple D Supply, LLC and Devin Smith

Page 3 of 38

**REQUEST FOR PRODUCTION NO. 39:**

Attached please find an Authorization for Use & Disclosure of Individually Identifiable and Protected Health Information, limited in time to August 8, 2019.  Please sign and return with your responses.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 40:**

Records and other documents generated as a result of, or otherwise evidencing or referencing, any toxicology analysis performed on you in relation to the subject incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 41:**

Your complete worker's compensation file, including all medical records, pertaining to the subject incident.

**RESPONSE:**

**INTERROGATORY NO. 23:**

Identify any charges or other prosecutorial action taken against you as a result of the subject incident, specifically stating the name and location of the Court(s) and the specific charges before said Court(s) and identify each lawyer that represented you in conjunction with said charges.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 42:**

Documents evidencing any charges or other prosecutorial action taken against you as a result of the subject incident, court documents and other documents evidencing your arrest, indictment, and/or prosecution; any plea agreement offered, accepted, and/or entered into by you; and documents evidencing your conviction and/or sentencing as a result of the subject incident.

**RESPONSE:**



Plaintiff's Original Petition, Request for Disclosure, and First Written Discovery to Defendants Triple D Supply, LLC and Devin Smith

Page 37 of 38

**INTERROGATORY NO. 24:**

For each on-the-job incident in which you have been involved during your employment with Triple D Supply, LLC, state the date and specific location of the incident, and provide a detailed description of each incident.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 43:**

Documents generated as a result of, or otherwise evidencing each on-the-job incident in which you have been involved during your employment with Triple D Supply, LLC

**RESPONSE:**

**INTERROGATORY NO. 25:**

Identify, by insurer, policy number, issuance date, dates of coverage, coverage limits, and all insured(s), each and every insurance policy that may or could be called upon to pay part or all of any judgment or settlement entered in this case.  This specifically includes all primary, supplemental, excess and/or umbrella policies.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 44:**

Correspondence and/or other documentation evidencing a reservation of rights agreement, a non-waiver agreement, or any documentation demonstrating that anything other than a full and unqualified defense has been tendered to you in this case by and all insurers that have issued policies responsive to the interrogatory immediately preceding this request for production.

**RESPONSE:**

Plaintiff's Original Petition, Request for Disclosure, and First Written Discovery to
Defendants Triple D Supply, LLC and Devin Smith

Page 38 of 38



**AUTHORIZATION FOR USE & DISCLOSURE OF**
**INDIVIDUALLY IDENTIFIABLE AND PROTECTED HEALTH INFORMATION ("HEALTH INFORMATION")**

1. *PATIENT IDENTIFICATION*

   PRINTED NAME: _____ DATE OF BIRTH: _____

   SOCIAL SECURITY NUMBER: _____

2. *PERSONS/ORGANIZATIONS AUTHORIZED TO DISCLOSE HEALTH INFORMATION: (hereinafter referred to as "Custodian Of Records"):*

3. *PERIODS OF HEALTH CARE/HEALTH INFORMATION/ACADEMIC INFORMATION TO BE DISCLOSED*

   FROM: _____ (DATE) TO: _____Present_____ (DATE)

   **HOSPITAL MEDICAL RECORDS:**
   Complete Inpatient and Outpatient Health Record
   Emergency Room Record        History & Physical Exam        Discharge Summary
   Consultation Reports         Progress Notes                 Laboratory Test Results
   Radiology Reports            Radiology Studies (Films & Images) to Match Attached Reports
   Operative Reports            Pathology Reports              Pathology Slides
   Photographs, Videotapes
   Abstract of Health Record (All Transcribed Physician Reports & Test Results)

   **MEDICAL RECORDS:**
   Complete Emergency Medical Transport & Health Record
   Complete Autopsy Report, Autopsy Photographs, & Toxicology Report
   Complete Health Record from Physician's Office* or Clinic* or Chiropractor* or Acupuncturist
   Complete Pharmacy/Prescription Record
   Complete Rehabilitation/Physical/Occupational/Recreational/Speech Therapy Record*
   Complete Psychiatric, Psychological, Licensed Clinical Social Worker, Mental Health Counselor/Therapist
   Record and associated Testing*
   Complete Home Health/Nursing Record*          Complete Nursing Home Record*
   Complete Funeral Home Record
   Complete Durable Medical Equipment Record/Medical Supply Record*
   Complete Prosthetic Equipment & Fitting Record*
   Complete Dental Record*
   Radiology Reports*                            Radiology Studies (Films & Images)
   Laboratory Test Results*        Pathology Reports*    Pathology Slides
   Photographs, Videotapes, Digital Images
   ___ Other _____.
   • Including records/documents received from any other health care providers, therapists, or counselors.

   **BILLING RECORDS:**
   Complete Billing Record including an Itemized Statement

4. *DRUG and/or ALCOHOL ABUSE, and/or PSYCHIATRIC, and/or HIV/AIDS RECORDS RELEASE*
   I authorize the Custodian of Records to release my medical or billing records containing
   information in reference to *Drug and/or Alcohol Abuse and Treatment.*
   _____YES _____ NO
   I authorize the Custodian of Records to release my medical or billing records containing
   information in reference to *Mental Health or Psychiatric Treatment and or Testing.*
   _____YES _____ NO
   I authorize the Custodian of Records to release my medical or billing records containing
   information in reference to *HIV/AIDS (Acquired Immunodeficiency Syndrome) Testing and/or Treatment*
   _____YES _____ NO

5. ***PURPOSE OF DISCLOSURE/USE:***   <u>CIVIL LITIGATION</u>

6. ***TO WHOM AND WHERE TO SEND DISCLOSED HEALTH INFORMATION:***
I authorize the disclosure and use of the Health Information described above to the following person(s) or organization(s):

***SEND INFORMATION TO:***

***AS AGENT FOR***

CRAFT LAW FIRM, P.C.
2727 Allen Parkway, Ste. 1150
Houston, Texas 77019
713.225.0500

7. ***RE-DISCLOSURE:***
I understand the information disclosed by this Authorization may be subject to re-disclosure by the recipients and no longer be protected by the Health Insurance Portability and Accountability Act of 1996. The facilities, their employees and officers are hereby released from any legal responsibility or liability for disclosure of the above information to the extent indicated and authorized herein.

8. ***LIMIT & RIGHT TO REVOKE AUTHORIZATION:***
Except to the extent that action has already been taken in reliance on this Authorization, I understand this Authorization is voluntary and that I may revoke it at any time by submitting a notice in writing to the Custodian of Records or organization(s) providing the Protected Health Information. Unless revoked this Authorization will expire on the following date or event: upon completion of pending civil litigation. Expiration date/event is further defined as resolution of the claim asserted or at the conclusion of any litigation instituted in connection with the subject matter of pending civil litigation and/or of the Notice of the Health Care Claim.

9. The office of **CRAFT LAW FIRM, P.C.**, is authorized to discuss with any health care provider, therapist, individual, fiduciary, agent, or other person any evidence, testimony or fact deemed by said attorneys to be material, and said attorneys and their agents are authorized to examine, inspect, copy, and/or inquire of any person, firm, corporation, institution or agency thereof concerning or relating to any evidence, documents, reports, and/or records. All such persons are requested to freely cooperate with said attorneys or their agents.

10. The Custodian of Records is released from any legal responsibility for the disclosure of the above stated Health Information to the extent indicated and authorized herein.

11. A facsimile, photostatic, carbon or other copies of this Authorization are intended and shall be treated as an original.

12. ***RIGHTS & SIGNATURE OF PATIENT OR PERSONAL REPRESENTATIVE REQUESTING DISCLOSURE:***
I understand that I do not have to sign this Authorization and that my treatment or payment for services will not be denied if I do not sign this form unless specified above under Purpose of Request. I can inspect or copy the Health Information to be used or disclosed. I may see and receive a copy of this Authorization. I authorize the Custodian of Records to disclose the Health Information specified above. The information I am requesting may be sent by U.S. mail service, expedited mail services (such as Federal Express, Lone Star, etc.) and/or electronic facsimile in accordance with the provider's facsimile policy.

*SIGNATURE**_____   DATE: _____

*PRINTED NAME:* _____
**If you are signing as a personal representative of another person, you must provide a description of your authority to act for the other person (for example, a Power of Attorney), and a copy of the document, if any, that authorizes you to act as the patient's personal representative.

## Authorization for Release of Wireless Communication Device Records

Account Holder: _____

Phone Number: _____

Service Provider: _____

Date(s)Requested: _____

Regarding: Cause No. _____

    I hereby authorize and direct any corporation, partnership, or individual who has issued, sold, rented or leased any form of cellular, pager, or other wireless communication device(s) and/or services to the above-referenced individual to furnish Craft Law Firm, P.C. or any of its representatives, any and all information or opinions which they request regarding the detailed billing information of my account, call logs, calls placed or received, text messages placed or received, and any other information pertaining to the undersigned within your possession. I hereby waive any privilege I have to said information.

    A Copy of this authorization shall have the same force and effect as the original.


_____

Signature


_____

Date



Filed 2/12/2020 2:38 PM
Norma Favela Barceleau
District Clerk
El Paso County
2020DCV0577

El Paso County - County Court at Law 6

**Mason W. Herring**
Of Counsel

2727 Allen Parkway
Suite 1150
Houston, Texas 77019

713.225.0500  office
713.225.0566  fax

mherring@craftlawfirm.com



# CRAFT LAW FIRM
### P.C.

February 12, 2020

Ms. Norma Favela Barceleau                                          *Via:  E-file*
El Paso County District Clerk Office
500 E. San Antonio Ave., Suite 103
El Paso, Texas 79901
Ph: 915.546.2021

RE:     Cause No. _____; *Raul Mena v. Triple D Supply, LLC and Devin Smith;*
In the County Court at Law No. _____ of El Paso County, Texas.
CLF Firm No. 200484

Dear Ms. Favela Barceleau:

   Plaintiff has filed his Original Petition and Request for Disclosure, tendered all appropriated fees, and respectfully requests the issuance of citations in this cause.  The citations will be served via private process.  When the citations are ready for pick up, please contact Worldwide Court Reporters. Worldwide Court Reporters can be reached at 713.572.2000 and will arrange for service.

   Please issue citations to:

-   Defendant Triple D Supply Triple D Supply, LLC can be served through The Texas Secretary of State who in turn can serve Triple D Supply, LLC's registered agent for service of process in New Mexico, Rebekah A. Scott Courvoisier at 1109 Indiana Avenue, Alamogordo, NM 88310, or wherever she may be found.; and

-   Defendant Smith can be served through the Texas Secretary of State who in turn can serve Devin Smith at 13104 SE Francis Street, Clackamas, OR 97015, or wherever he may be found.

   Please feel free to contact me with any questions or comments to 713.225.0500. Thank you for your cooperation in this matter.

Very truly yours,

*/s/ Vanessa L. Garcia*

Vanessa L. Garcia

A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk
BY K. Mendoza
_____ Deputy
MAR 24 2020

/vlg

www.craftlawfirm.com

Filed 2/12/2020 2:38 PM

El Paso County - County Court at Law 6

**CIVIL CASE INFORMATION SHEET**

Print

Norma Favela Barceleau
District Clerk
El Paso County
2020DCV0577

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____   COURT *(FOR CLERK USE ONLY):* _____

STYLED **Raul Mena vs. Triple D Supply, LLC and Devin Smith**

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name:<br>Mason W. Herring | Email:<br>mherring@craftlawfirm.com | Plaintiff(s)/Petitioner(s):<br>Raul Mena | ☒ Attorney for Plaintiff/Petitioner<br>☐ Pro Se Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: |
| Address:<br>2727 Allen Parkway, Ste. 1150 | Telephone:<br>713.225.0500 | | Additional Parties in Child Support Case: |
| City/State/Zip:<br>Houston, TX 77019 | Fax:<br>713.225.0566 | Defendant(s)/Respondent(s):<br>Triple D Supply, LLC and<br>Devin Smith | Custodial Parent:<br><br>Non-Custodial Parent: |
| Signature:<br>/s/ Mason W. Herring | State Bar No:<br>24071746 | | Presumed Father: |
| | | [Attach additional page as necessary to list all parties] | |

**2. Indicate case type, or identify the most important issue in the case *(select only 1):***

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract: | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>☐ Accounting<br>☐ Legal<br>☐ Medical<br>☐ Other Professional Liability: | ☐ Eminent Domain/ Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property: | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>☐ With Children<br>☐ No Children | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other |
| *Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract: | ☒ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☐ Other Product Liability List Product:<br><br>☐ Other Injury or Damage: | **Related to Criminal Matters**<br>☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus—Pre-indictment<br>☐ Other: | **Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order |
| | | | **Other Family Law**<br>☐ Enforce Foreign Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities of Minority<br>☐ Other: | **Parent-Child Relationship**<br>☐ Adoption/Adoption with Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Parentage/Paternity<br>☐ Termination of Parental Rights<br>☐ Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment: | ☐ Administrative Appeal<br>☐ Antitrust/Unfair Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: | | |
| **Tax** | **Probate & Mental Health** | | | |
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: | | |

**3. Indicate procedure or remedy, if applicable *(may select more than 1):***

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |

**4. Indicate damages sought *(do not select if it is a family law case):***
☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100, 000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☒ Over $1,000,000

A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk
By _____ Deputy
MAR 24 2020

# THE STATE OF TEXAS

*FILED*
*NORMA FAVELA BARCELE*
*DISTRICT CLERK*
*2020 FEB 20 PM 1: 40*
*EL PASO COUNTY, TEXAS*
*BY_____*
*DEPUTY*

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:   **TRIPLE D SUPPLY, LLC**, who may be served with process through the **Texas Secretary of State who in turn can serve TRIPLE D SUPPLY, LLC'S REGISTERED AGENT FOR SERVICE OF PROCESS IN NEW MEXICO, REBEKAH A. SCOTT COURVOISIER AT 1109 INDIANA AVENUE, ALAMAGORDO, NM 88310 or wherever he/she may be found**

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition, Request for Disclosure, and First Written Discovery to Defendants Triple D Supply, LLC and Devin Smith** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **County Court at Law Number 6,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 12th day of February, 2020, by Attorney at Law ,MASON W HERRING, 2727 ALLEN PARKWAY, SUITE 1150, HOUSTON, TX  77019 in this case numbered **2020DCV0577** on the docket of said court, and styled:

**RAUL MENA**
**VS**
**TRIPLE D SUPPLY, LL and DEVIN SMITH**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's Original Petition, Request for Disclosure, and First Written Discovery to Defendants Triple D Supply, LLC and Devin Smith** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 20th day of February, 2020

CLERK OF THE COURT

**NORMA FAVELA BARCELE**
District Clerk
El Paso County Courthous
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Attest:   NORMA FAVELA BARCELEAU   District Clerk
El Paso County, Texas

By _____ , Deputy
Erica Romero

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

## RETURN

Came on hand on _____ day of _____, 20____, at _____ o'clock ___M., and executed in _____ County, Texas, by delivering to each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the **Plaintiff's Original Petition, Request for Disclosure, and First Written Discovery to Defendants Triple D Supply, LLC and Devin Smith** at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance From Court House |
|------|------|------|------|------|------|------|------|
| | MONTH | DAY | YEAR | Hour | Min. | .M. | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

And not executed as to the defendant, _____

_____

The diligence used in finding said defendant, being _____

And the cause of failure to execute this process is: _____

And the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING _____ copy _____ $ _____   _____ Sheriff

_____   _____ County, Texas

Total _____ $ _____   by _____, Deputy

## CERTIFICATE OF DELIVERY

I do hereby certify that I delivered to _____, on the _____ day of _____

20_____, at _____o'clock ___m. this copy of this instrument.

_____, Sheriff/Agent

_____County, Texas

By _____, Deputy/Agent

**SUBSCRIBED AND SWORN TO BEFORE ME ON THE _____ DAY OF _____, 20____.**

**(SEAL)**

_____

**NOTARY PUBLIC, STATE OF TEXAS**



A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk
BY _____ Deputy

MAR 2 4 2020

# THE STATE OF TEXAS

FILED
NORMA FAVELA BARCELEAU
DISTRICT CLERK
2020 FEB 20  PM 1: 40
EL PASO COUNTY
DEPUTY

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:   **DEVIN SMITH,** who may be served with process through the **Texas Secretary of State who in turn can serve Devin Smith at 13104 SE FRANCIS STREET, CLACKAMAS, OR 97015 or wherever he/she may be found**

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition, Request for Disclosure, and First Written Discovery to Defendants Triple D Supply, LLC and Devin Smith** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **County Court at Law Number 6,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 12th day of February, 2020, by Attorney at Law ,MASON W HERRING, 2727 ALLEN PARKWAY, SUITE 1150, HOUSTON, TX  77019 in this case numbered **2020DCV0577** on the docket of said court, and styled:

## RAUL MENA
### VS
### TRIPLE D SUPPLY, LL and DEVIN SMITH

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's Original Petition, Request for Disclosure, and First Written Discovery to Defendants Triple D Supply, LLC and Devin Smith** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 20th day of February, 2020

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM
El Paso, Texas 79901

Attest:   NORMA FAVELA BARCELEAU   District Clerk
El Paso County, Texas
By _____ , Deputy
Erica Romero

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

**RETURN**

Came on hand on _____ day of _____, 20____, at _____ o'clock ___M., and executed in _____ County, Texas, by delivering to each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the **Plaintiff's Original Petition, Request for Disclosure, and First Written Discovery to Defendants Triple D Supply, LLC and Devin Smith** at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance From Court House |
|------|------|-----|------|------|-----|-----|---|
| | MONTH | DAY | YEAR | Hour | Min. | .M. | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

And not executed as to the defendant, _____

_____

The diligence used in finding said defendant, being _____

And the cause of failure to execute this process is: _____

And the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING ____ copy _____ $ _____   _____ Sheriff

_____   _____ County, Texas

Total _____ $ _____   by _____, Deputy

**CERTIFICATE OF DELIVERY**

I do hereby certify that I delivered to _____, on the _____ day of _____

20_____, at _____o'clock ___m. this copy of this instrument.

_____, Sheriff/Agent

_____County, Texas

By _____, Deputy/Agent

**SUBSCRIBED AND SWORN TO BEFORE ME ON THE _____ DAY OF _____, 20____.**

**(SEAL)**

_____

**NOTARY PUBLIC, STATE OF TEXAS**

A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk
BY K. Mendoza                    Deputy
MAR 2 4 2020

40791321

CAUSE NUMBER: 2020DCV0577

REQUESTED BY: _____

PICK UP BY: _____

- [X] ABSTRACT OF JUDGMENT
- [ ] CAPIAS
- [X] CITATION PERSONAL SERVICE X2
- [ ] CITATION BY CERTIFIED MAIL [ ] OUTSIDE SERVICE [ ] BY DISTRICT CLERK
- [ ] CITATION NON RESIDENT
- [ ] CITATION BY POSTING
- [ ] CITATION BY PUBLICATION
- [ ] NOTICE TO SHOW CAUSE
- [ ] ORDER OF SALE
- [ ] PROTECTIVE ORDER
- [ ] SUBPOENA(S)
- [ ] TRO
- [ ] WRIT OF ATTACHMENT
- [ ] WRIT OF EXECUTION
- [ ] WRIT OF HABEAS CORPUS
- [ ] WRIT OF POSSESSION
- [ ] OTHER: _____

- [ ] SHERIFF

- [ ] Pauper's Oath

- [ ] RUSH
  Approved By: _____
  For Pick up on: _____

CCle

Request Received:

FILED

NORMA FAVELA BARCELEAU

2020 FEB 14 PH 3:06

EL PASO COUNTY, TEXAS

BY _____ DEPUTY

**Notes to the Clerk**

✳ Instructions Attached ✳

ISSUED BY: _____    Date: 2.18.20

*Attn: The District Clerk's Office is not responsible for any errors after the request is received by the requesting individual. Please review your request for accuracy.*

RECEIVED BY: _____    Date: _____
PLEASE PRINT

A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk
BY Mendoza    Deputy
MAR 24 2020



El Paso County - County Court at Law 6

Filed 2/27/2020 2:38 PM
Norma Favela Barceleau
District Clerk
El Paso County
2020DCV0577

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:   **DEVIN SMITH**, who may be served with process through the **Texas Secretary of State who in turn can serve Devin Smith at 13104 SE FRANCIS STREET, CLACKAMAS, OR 97015 or wherever he/she may be found**

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition, Request for Disclosure, and First Written Discovery to Defendants Triple D Supply, LLC and Devin Smith** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **County Court at Law Number 6**, El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 12th day of February, 2020, by Attorney at Law ,MASON W HERRING, 2727 ALLEN PARKWAY, SUITE 1150, HOUSTON, TX  77019 in this case numbered **2020DCV0577** on the docket of said court, and styled:

**RAUL MENA**
**VS**
**TRIPLE D SUPPLY, LL and DEVIN SMITH**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's Original Petition, Request for Disclosure, and First Written Discovery to Defendants Triple D Supply, LLC and Devin Smith** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 20th day of February, 2020

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 1
El Paso, Texas 79901

Attest:   NORMA FAVELA BARCELEAU   District Clerk
El Paso County, Texas

By _____ , Deputy
Erica Romero

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

CTH: 2/26/20 @ 8:15 AM



IN THE COUNTY COURT AT LAW, NO. 6
EL PASO COUNTY, TEXAS

CAUSE NO. 2020DCV0577

RAUL MENA
VS
TRIPLE D. SUPPLY, LLC, ET AL

## RETURN

Came to my hand:    02/26/2020, at 08:15 o'clock A.M., the following specified documents:

- Citation
- Plaintiff's Original Petition, Request for Disclosure, and First Written Discovery to Defendants Triple D Supply, LLC and Devin Smith

and executed by me on: _2/26/2020_ , at _4:38_ o'clock _P.M._, at 1019 Brazos Street, Austin, Travis County, Texas, 78701, by delivering to _DEVIN SMITH_, by delivering to SECRETARY OF STATE OF TEXAS, by delivering to citations clerk having charge of Corporation Department/Statutory Documents Section of Secretary of State of Texas, _MICHELE ROBISON_ , in person, true copies in duplicate of the above specified documents, together with Statutory Fee to the Secretary of State in the amount of $55, having first endorsed on such copies the date of delivery.

I am over the age of 18, not a party to nor interested in the outcome of the above numbered suit, and I declare under penalty of perjury that the foregoing is true and correct.

Authorized Person _George L. Castillo; PSC1440_
Expiration Date: _2/30/2021_

STATE OF TEXAS    }

### VERIFICATION

Before me, a notary public, on this day personally appeared the above named Authorized person, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements and facts therein contained are within his/her personal knowledge and experience to be true and correct. Given under my hand and seal of office on this _26th_ day of _February_, 2020.

Notary Public

A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk
BY _K. Mendoza_ Deputy
MAR 2 4 2020

El Paso County - County Court at Law 6

Filed 2/27/2020 2:04 PM
Norma Favela Barceleau
District Clerk
El Paso County
2020DCV0577

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:   TRIPLE D SUPPLY, LLC, who may be served with process through the **Texas Secretary of State who in turn can serve TRIPLE D SUPPLY, LLC'S REGISTERED AGENT FOR SERVICE OF PROCESS IN NEW MEXICO, REBEKAH A. SCOTT COURVOISIER AT 1109 INDIANA AVENUE, ALAMAGORDO, NM 88310 or wherever he/she may be found**

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition, Request for Disclosure, and First Written Discovery to Defendants Triple D Supply, LLC and Devin Smith** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **County Court at Law Number 6**, El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 12th day of February, 2020, by Attorney at Law ,MASON W HERRING, 2727 ALLEN PARKWAY, SUITE 1150, HOUSTON, TX 77019 in this case numbered **2020DCV0577** on the docket of said court, and styled:

**RAUL MENA**
VS
**TRIPLE D SUPPLY, LL and DEVIN SMITH**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's Original Petition, Request for Disclosure, and First Written Discovery to Defendants Triple D Supply, LLC and Devin Smith** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 20th day of February, 2020

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Attest:   NORMA FAVELA BARCELEAU   District Clerk
El Paso County, Texas

By _____ , Deputy
Erica Romero

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

CTM- 2/26/2020 9:15 AM

**IN THE COUNTY COURT AT LAW, NO. 6**
**EL PASO COUNTY, TEXAS**

**CAUSE NO. 2020DCV0577**

**RAUL MENA**
**VS**
**TRIPLE D. SUPPLY, LLC, ET AL**

# RETURN

Came to my hand:      02/26/2020, at  08:15 o'clock A.M., the following specified documents:

- Citation
- Plaintiff's Original Petition, Request for Disclosure, and First Written Discovery to Defendants Triple D Supply, LLC and Devin Smith

and executed by me on:      2/26 2020    , at    4:38 o'clock  PM , at 1019 Brazos Street, Austin, Travis County, Texas, 78701, by delivering to TRIPLE D. SUPPLY, LLC, by delivering to SECRETARY OF STATE OF TEXAS, by delivering to citations clerk having charge of Corporation Department/Statutory Documents Section of Secretary of State of Texas,   MICHELLE ROBINSON              , in person, true copies in duplicate of the above specified documents, together with Statutory Fee to the Secretary of State in the amount of $55, having first endorsed on such copies the date of delivery.

I am over the age of 18, not a party to nor interested in the outcome of the above numbered suit, and I declare under penalty of perjury that the foregoing is true and correct.

Authorized Person  George L Castillo, PSC1440
Expiration Date:    9/ 30 / 2021

STATE OF TEXAS    }

## VERIFICATION

Before me, a notary public, on this day personally appeared the above named Authorized person, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements and facts therein contained are within his/her personal knowledge and experience to be true and correct. Given under my hand and seal of office on this  26th  day of February. 2020.

Notary Public

A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk
BY _____ Mendoza _____ Deputy
MAR 24 2020



El Paso County - County Court at Law 6

Filed 3/11/2020 8:08 PM
Norma Favela Barceleau
District Clerk
El Paso County
2020DCV0577

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:   **TRIPLE D SUPPLY, LLC**, who may be served with process through the **Texas Secretary of State who in turn can serve TRIPLE D SUPPLY, LLC'S REGISTERED AGENT FOR SERVICE OF PROCESS IN NEW MEXICO, REBEKAH A. SCOTT COURVOISIER AT 1109 INDIANA AVENUE, ALAMAGORDO, NM 88310 or wherever he/she may be found**

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition, Request for Disclosure, and First Written Discovery to Defendants Triple D Supply, LLC and Devin Smith** at or before ten

o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the

Honorable **County Court at Law Number 6**, El Paso County, Texas, at the Court House of said County in El Paso,

Texas.

Said Plaintiff's Petition was filed in said court on this the 12th day of February, 2020, by Attorney at Law ,MASON

W HERRING, 2727 ALLEN PARKWAY, SUITE 1150, HOUSTON, TX  77019 in this case numbered **2020DCV0577** on

the docket of said court, and styled:

**RAUL MENA**
VS
**TRIPLE D SUPPLY, LL and DEVIN SMITH**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's Original Petition, Request for Disclosure, and First Written Discovery to Defendants Triple D Supply, LLC and Devin Smith** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 20th day of February, 2020

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Attest:   ___NORMA FAVELA BARCELEAU___  District Clerk
El Paso County, Texas

By _____ , Deputy
Erica Romero

Rule 106: "-the citation shall be served by the the delivering to each defendant, in person, a true copy of the citation with the

date of delivery endorsed thereon and with a copy of the petition attached thereto."



CTM= 2/26/20

IN THE COUNTY COURT AT LAW, NO. 6
EL PASO COUNTY, TEXAS

CAUSE NO. 2020DCV0577

RAUL MENA
VS
TRIPLE D. SUPPLY, LLC, ET AL

# RETURN

Came to my hand: __02/26/2020__, at __08:15__ o'clock __A.M.__, the following specified documents:

- Citation
- Plaintiff's Original Petition, Request for Disclosure, and First Written Discovery to Defendants Triple D Supply, LLC and Devin Smith

and executed by me on: __2/26 2020__ , at __4:38__ o'clock __PM__ , at 1019 Brazos Street, Austin, Travis County, Texas, 78701, by delivering to TRIPLE D. SUPPLY, LLC, by delivering to SECRETARY OF STATE OF TEXAS, by delivering to citations clerk having charge of Corporation Department/Statutory Documents Section of Secretary of State of Texas, __MICHELLE ROBINSON__ , in person, true copies in duplicate of the above specified documents, together with Statutory Fee to the Secretary of State in the amount of $55, having first endorsed on such copies the date of delivery.

I am over the age of 18, not a party to nor interested in the outcome of the above numbered suit, and I declare under penalty of perjury that the foregoing is true and correct.

Authorized Person George L Castillo. PSC1440
Expiration Date: __01/30/2021__

STATE OF TEXAS    }

## VERIFICATION

Before me, a notary public, on this day personally appeared the above named Authorized person, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements and facts therein contained are within his/her personal knowledge and experience to be true and correct. Given under my hand and seal of office on this __26th__ day of __February, 2020__.

Notary Public

A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk
BY: K. Mendoza          Deputy
MAR 24 2020

El Paso County - County Court at Law 6

Filed 3/23/2020 9:13 AM
Norma Favela Barceleau
District Clerk
El Paso County
2020DCV0577

IN THE COUNTY COURT AT LAW NUMBER SIX

EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| RAUL MENA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 2020DCV0577 |
| | ) | |
| TRIPLE D SUPPLY, LLC | ) | |
| AND DEVIN SMITH, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT DEVIN SMITH'S
ANSWER TO PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

DEVIN SMITH, Defendant in the above-entitled and numbered cause, files this, his Original Answer to Plaintiff's Original Petition, and would respectfully show the Court as follows:

**I. General Denial**

1.     In accordance with Rule 92 of the Texas Rules of Civil Procedure, Defendant denies each allegation in Plaintiff's Original Petition and demands strict proof of same.

**II. Right to Amend**

2.     Defendant reserves the right to amend this Answer at a later date.

**III. Affirmative Defenses**

3.     In addition, in the alternative, and without waiving any other claim or defense, to the extent that Plaintiff has failed to mitigate his damages, then any claim for damages is barred.

4.     In addition, in the alternative, and without waiving any other claim or defense, Defendant asserts the applicable statutory cap(s) on damages for any and all claims raised by Plaintiff.

5.      In addition, in the alternative, and without waiving any other claim or defense, Plaintiff did not suffer any injury (in whole or in part) as a result of any act or omission of the Defendant.

6.      In addition, in the alternative, and without waiving any other claim or defense, Defendant asserts that the damage in question was caused by the negligence of Plaintiff, that the negligent conduct of Plaintiff was the sole cause of the damage in question, or, in the alternative, that the conduct of Plaintiff was a proximate cause of the damage in question

7.      In addition, in the alternative, and without waiving any other claim or defense, Defendant asserts that Plaintiff's alleged injuries and damages, if any, resulted from an intervening, superseding or new and independent and/or sole cause which was not reasonably foreseeable by Defendant.

8.      In addition, in the alternative, and without waiving any other right or defense, Defendant asserts that the sole proximate cause of Plaintiff's alleged damages, if any, was the negligence or fault of individuals or entities other than Defendant over which Defendant had no right of control.

9.      Pursuant to Chapter 33 of the Texas Civil Practice & Remedies Code, Defendant is entitled to an offset, credit, or percentage reduction based upon a determination of fault of all persons and tortfeasors. Accordingly, Defendant requests that the finder of fact determine the comparative, proportionate, or relative liability, responsibility, fault, and/or causation of any and all defendants, any and all other responsible third parties, and/or any and all settling persons; and that Intervenor's recovery, if any, be reduced by the percentages of liability, responsibility, fault, or causation attributable to any other individuals, defendants, or responsible third parties as required by Chapter 33 of the Civil Practice & Remedies Code.

10.     In addition, in the alternative, and without waiving any other claim or defense, Defendant asserts that Plaintiff may recover only medical or healthcare expenses that were actually paid or that were incurred by or on behalf of Plaintiff, pursuant to TEX. CIV. PRAC. & REM. CODE § 41.0105.

11.     In addition, in the alternative, and without waiving any other claim or defense, Defendant asserts the limitations on pre-judgment interest found in TEX. FIN. CODE, Chapter 304; TEX. CIV. PRAC. & REM. CODE § 41.007; and other applicable limitations on pre-judgment interest.

12.     In addition, in the alternative, and without waiving any other right or defense, Defendant asserts that Plaintiff's damages and injuries, if any, were caused, in whole or in part, by an unavoidable accident, and thus unconnected to and independent of any conduct on the part of Defendant.

13.     In addition, in the alternative, and without waiving any other right or defense, Defendant contends that it is not liable for any damages or injuries caused by or contributed to by prior or subsequent medical conditions or events.

14.     In addition, in the alternative, and without waiving any other right or defense, while Defendant denies that it was negligent or has any liability to Intervenor, Defendant invokes the requirements of TEX. CIV. PRAC. & REM. CODE § 18.091 regarding proof of alleged damages for any damages sought by Intervenor which are covered by Section 18.091 and requests that such evidence be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to federal income tax law.

15.     In addition, in the alternative, and without waiving any other right or defense, Defendant affirmatively pleads the provisions of TEX. FIN. CODE § 304.101 et. seq. which

3

provides limitations on the recoverability of pre-judgment interest.

16.     In addition, in the alternative, and without waiving any other right or defense, Defendant affirmatively pleads the provisions of TEX. FIN. CODE § 304.1045 that prohibit the recovery of prejudgment interest on any award of future damages.

### IV.  Request for Relief

For these reasons, Defendant prays that the relief Plaintiff seeks be denied, that Plaintiff take nothing by this suit, and that Defendant recover costs and such further relief, general or special, at law or in equity, to which Defendant is justly entitled.

Respectfully submitted,

**MOSS LEGAL GROUP, PLLC**
5845 Cromo Dr., Suite 2
El Paso, Texas  79912
(915) 703-7307
(915) 703-7618 Telecopier

By:     /s/ M. Mitchell Moss
**M. MITCHELL MOSS**
State Bar No. 00784647
Mitch@mosslegalsolutions.com
**PRISCILLA M. CASTILLO**
State Bar No. 24076531
Priscilla@mosslegalsolutions.com
Attorneys for Defendant
Devin Smith

A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk
BY Mendoza                    Deputy
MAR 2 4 2020

4



## CERTIFICATE OF SERVICE

In compliance with Texas Rule of Civil Procedure 21a(e), the undersigned counsel, certifies that on this 23rd day of March 2020, a true and correct copy of the foregoing document filed electronically with the clerk of the court in accordance with Texas Rule of Civil Procedure 21(f)(1), is served on the party or attorney electronically pursuant to Texas Rule of Civil Procedure 21a(a)(1), or if the email address of the party or attorney is not on file with the electronic filing manager then service is accomplished pursuant to Texas Rule of Civil Procedure 21a(a)(2).

The following parties or attorney(s) are served with the foregoing document:

| | |
|---|---|
| Mason W. Herring<br>J. Hunter Craft<br>Craft Law Firm, P.C.<br>2727 Allen Parkway, Suite 1150<br>Houston, TX 77019<br>Attorneys for Plaintiff | |

/s/ M. Mitchell Moss
**M. MITCHELL MOSS**



5

El Paso County - County Court at Law 6

Filed 3/23/2020 9:13 AM
Norma Favela Barceleau
District Clerk
El Paso County
2020DCV0577

IN THE COUNTY COURT AT LAW NUMBER SIX

EL PASO COUNTY, TEXAS

RAUL MENA,                              )
                                        )
      Plaintiff,                      )
                                        )
v.                                      )     Cause No. 2020DCV0577
                                        )
TRIPLE D SUPPLY, LLC                    )
AND DEVIN SMITH,                        )
                                        )
      Defendants.                     )

### DEFENDANT TRIPLE D SUPPLY, LLC's
### ANSWER TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

      TRIPLE D SUPPLY, LLC, Defendant in the above-entitled and numbered cause, files this,

its Original Answer to Plaintiff's Original Petition, and would respectfully show the Court as

follows:

### I.  General Denial

      1.     In accordance with Rule 92 of the Texas Rules of Civil Procedure, Defendant

denies each allegation in Plaintiff's Original Petition and demands strict proof of same.

### II.  Right to Amend

      2.     Defendant reserves the right to amend this Answer at a later date.

### III.  Affirmative Defenses

      3.     In addition, in the alternative, and without waiving any other claim or defense, to

the extent that Plaintiff has failed to mitigate his damages, then any claim for damages is barred.



4.      In addition, in the alternative, and without waiving any other claim or defense, Defendant asserts the applicable statutory cap(s) on damages for any and all claims raised by Plaintiff.

5.      In addition, in the alternative, and without waiving any other claim or defense, Plaintiff did not suffer any injury (in whole or in part) as a result of any act or omission of the Defendant.

6.      In addition, in the alternative, and without waiving any other claim or defense, Defendant asserts that the damage in question was caused by the negligence of Plaintiff, that the negligent conduct of Plaintiff was the sole cause of the damage in question, or, in the alternative, that the conduct of Plaintiff was a proximate cause of the damage in question

7.      In addition, in the alternative, and without waiving any other claim or defense, Defendant asserts that Plaintiff's alleged injuries and damages, if any, resulted from an intervening, superseding or new and independent and/or sole cause which was not reasonably foreseeable by Defendant.

8.      In addition, in the alternative, and without waiving any other right or defense, Defendant asserts that the sole proximate cause of Plaintiff's alleged damages, if any, was the negligence or fault of individuals or entities other than Defendant over which Defendant had no right of control.

9.      Pursuant to Chapter 33 of the Texas Civil Practice & Remedies Code, Defendant is entitled to an offset, credit, or percentage reduction based upon a determination of fault of all persons and tortfeasors. Accordingly, Defendant requests that the finder of fact determine the comparative, proportionate, or relative liability, responsibility, fault, and/or causation of any and all defendants, any and all other responsible third parties, and/or any and all settling persons

2

that Plaintiff's recovery, if any, be reduced by the percentages of liability, responsibility, fault, or causation attributable to any other individuals, defendants, or responsible third parties as required by Chapter 33 of the Civil Practice & Remedies Code.

10.     In addition, in the alternative, and without waiving any other claim or defense, Defendant asserts that Plaintiff may recover only medical or healthcare expenses that were actually paid or that were incurred by or on behalf of Plaintiff, pursuant to TEX. CIV. PRAC. & REM. CODE § 41.0105.

11.     In addition, in the alternative, and without waiving any other claim or defense, Defendant asserts the limitations on pre-judgment interest found in TEX. FIN. CODE, Chapter 304; TEX. CIV. PRAC. & REM. CODE § 41.007; and other applicable limitations on pre-judgment interest.

12.     In addition, in the alternative, and without waiving any other right or defense, Defendant asserts that Plaintiff's damages and injuries, if any, were caused, in whole or in part, by an unavoidable accident, and thus unconnected to and independent of any conduct on the part of Defendant.

13.     In addition, in the alternative, and without waiving any other right or defense, Defendant contends that it is not liable for any damages or injuries caused by or contributed to by prior or subsequent medical conditions or events.

14.     In addition, in the alternative, and without waiving any other right or defense, while Defendant denies that it was negligent or has any liability to Plaintiff, Defendant invokes the requirements of TEX. CIV. PRAC. & REM. CODE § 18.091 regarding proof of alleged damages for any damages sought by Plaintiff which are covered by Section 18.091 and requests that such evidence be presented in the form of a net loss after reduction for income tax payments or unpaid

3

tax liability pursuant to federal income tax law.

15.    In addition, in the alternative, and without waiving any other right or defense, Defendant affirmatively pleads the provisions of TEX. FIN. CODE § 304.101 et. seq. which provides limitations on the recoverability of pre-judgment interest.

16.    In addition, in the alternative, and without waiving any other right or defense, Defendant affirmatively pleads the provisions of TEX. FIN. CODE § 304.1045 that prohibit the recovery of prejudgment interest on any award of future damages.

### IV.  Request for Relief

For these reasons, Defendant prays that the relief Plaintiff seeks be denied, that Plaintiff take nothing by this suit, and that Defendant recover costs and such further relief, general or special, at law or in equity, to which it is justly entitled.

Respectfully submitted,

**MOSS LEGAL GROUP, PLLC**
5845 Cromo Dr., Suite 2
El Paso, Texas  79912
(915) 703-7307
(915) 703-7618 Telecopier

By:    */s/M. Mitchell Moss*
       **M. MITCHELL MOSS**
       State Bar No. 00784647
       Mitch@mosslegalsolutions.com
       **PRISCILLA M. CASTILLO**
       State Bar No. 24076531
       Priscilla@mosslegalsolutions.com
       Attorneys for Defendant
       Triple D Supply, LLC

A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk
BY_____Deputy
MAR 2 4 2020

4

**CERTIFICATE OF SERVICE**

In compliance with Texas Rule of Civil Procedure 21a(e), the undersigned counsel, certifies that on this 23rd day of March 2020, a true and correct copy of the foregoing document filed electronically with the clerk of the court in accordance with Texas Rule of Civil Procedure 21(f)(1), is served on the party or attorney electronically pursuant to Texas Rule of Civil Procedure 21a(a)(1), or if the email address of the party or attorney is not on file with the electronic filing manager then service is accomplished pursuant to Texas Rule of Civil Procedure 21a(a)(2).

The following parties or attorney(s) are served with the foregoing document:

| | |
|---|---|
| Mason W. Herring<br>J. Hunter Craft<br>Craft Law Firm, P.C.<br>2727 Allen Parkway, Suite 1150<br>Houston, TX 77019<br>Attorneys for Plaintiff | |

/s/ M. Mitchell Moss
**M. MITCHELL MOSS**

5

